**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ADAM PEZEN, Individually and on Behalf of All Other Similarly Situated, <br><br>                        Plaintiff, <br><br>     vs. <br><br> FACEBOOK, INC., <br><br>                        Defendant. | CASE NO. 1:15-CV-03484 <br><br> <u>CLASS ACTION</u> |

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Plaintiff Adam Pezen, ("Plaintiff") respectfully requests that this Court certify this action as a class action under Fed. R. Civ. P. 23, on behalf of the following Class[1]:

> ***All persons who have had their biometric identifier or biometric information collected, captured, received or otherwise obtained by Facebook while residing in Illinois.***

## I.   STATEMENT OF FACTS

Plaintiff Adam Pezen is a resident of Chicago, Illinois, and has been a member of Facebook since 2005. Since joining Facebook, Plaintiff has uploaded and posted images to Facebook's network, including images of his face, and has been tagged in many of those images. From these images, Facebook collected, stored, and otherwise used biometric identifiers and information ("biometrics") from Plaintiff, including scans of Plaintiff's facial geometry, in clear violation of the Illinois Biometric Information Privacy Act ("BIPA").

BIPA provides, *inter alia*, that:

> No private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, ***unless it first***:
>
>    (1)   ***informs*** the subject or the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored;

---

[1]   Plaintiffs reserve the right to seek discovery relating to class certification, and respectfully request that resolution of the present motion be stayed pending further proceedings. *See Damasco v. Clearwire Corp.*, 662 F.3d 891, 897 (7th Cir. 2011) ("court may abuse its discretion by not allowing for appropriate discovery before deciding whether to certify a class,"); *Eggleston v. Chi. Journeymen Plumbers' Local Union No. 130 U.A.*, 657 F.2d 890, 895 (7th Cir. 1981) ("some degree of discovery may be appropriate in certain cases to aid making the necessary class determinations. The pleadings are expected to be of assistance, but more information may be needed."); *De Falco v. Vibram USA, Inc.*, 2013 U.S. Dist. LEXIS 36679, at *26-27 (N.D. Ill. Mar. 18, 2013) ("these [class certification] issues are better raised after the parties have had an opportunity to conduct class discovery and fully brief the motion for class certification."); *McCray v. Standard Oil Co.*, 76 F.R.D. 490, 499 (N.D. Ill. 1977) ("The parties should have an opportunity to engage in discovery relating to the issues involved in [whether the case should be maintained as a class action].").

(2)     *informs* the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; *and*

(3)     receives a *written release* executed by the subject of the biometric identifier or biometric information or the subject's legally authorized *representative*.

740 ILCS 14/15(b) (emphasis added).

And further that:

A private entity in possession of biometric identifiers or biometric information *must develop a written policy, made available to the public*, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first.

740 ILCS 14/15(a) (emphasis added).

Among other violations, Facebook's practices of collecting, storing and using biometrics without informed written consent violates all three prongs of §15(b) of the BIPA. And Facebook's failure to provide a publicly available written policy regarding its collection, use, retention, and permanent destruction of such biometrics violates §15(a) of the BIPA.

## II.     ARGUMENT

### A.     This Action Is Well Suited for Class Treatment

Federal Rule of Civil Procedure 23 governs class certification. Under Rule 23, the party seeking certification must first demonstrate that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). The party seeking certification must then show that at least one of the following three conditions is satisfied: (1) the prosecution of separate actions would create a risk of: (a)

3

inconsistent or varying adjudications, or (b) individual adjudications dispositive of the interests of other members not a party to those adjudications; (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class; or (3) the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b). The proposed class satisfies these requirements.

### 1.     The Class Is So Numerous that Joinder Is Impracticable

Rule 23(a) requires that a class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "Impracticability does not mean impossibility, but instead requires plaintiffs to prove that it would be inconvenient and difficult to join all proposed members of the class." *Ellis v. Elgin Riverboat Resort*, 217 F.R.D. 415, 421 (N.D. Ill. 2003) (quoting *Bethards v. Bard Access Sys., Inc.*, No. 94 C 1522, 1995 WL 75356, at *3 (N.D. Ill. Feb. 22, 1995)). A plaintiff need not specify the exact number of class members to satisfy the numerosity requirement. *See Marcial v. Coronet Ins. Co.*, 880 F.2d 954, 957 (7th Cir. 1989) (citing *Vergara v. Hampton*, 581 F.2d 1281, 1284 (7th Cir. 1978)). This is particularly true where the information regarding the number of individuals affected by a defendant's wrongful conduct is inherently within defendants' control. *In re NASDAQ Market-Makers Antitrust Litig.*, 169 F.R.D. 493, 509 (S.D.N.Y. 1996). A plaintiff may rely on reasonable inferences drawn from the available facts in order to arrive at a rough estimate of class size. *Id.*

Facebook has millions of users in Illinois, and most of them have uploaded images of themselves and others to, and had biometrics collected by, Facebook. Thus, although the exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery of Facebook's business records, numerosity is plainly met here.

4

*See Hale v. AFNI, Inc.*, 264 F.R.D. 402, 404 (N.D. Ill. 2009) ("when a class numbers at least 40, joinder will be considered impracticable").

### 2.      Common Questions of Law and Fact Exist

Rule 23(a)(2) requires the existence of common questions of law or fact. To satisfy this commonality requirement, it is enough for a plaintiff to present a single common question of law or fact. *Jamie S. v. Milwaukee Public Schools*, 668 F.3d 481, 497 (7th Cir. 2012) (citing *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2556 (2011). This case presents a host of common questions, including, *inter alia*, whether and how Facebook collected class members' biometrics, whether, how, and how long Facebook collected, stored or used  class members' biometrics, whether and how Facebook provided notice to class members of such collection, use, and retention, and whether and how Facebook did or did not obtained prior express written consent from class members for such collection, use, and retention. Thus commonality is met.

### 3.      Plaintiff's Claims Are Typical

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). An individual's claim "is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of the other class members and his or her claims are based on the same legal theory." *Keele v. Wexler*, 149 F.3d 589, 595 (7th Cir. 1998) (quoting *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983)). Here, Plaintiff and all Class members assert identical claims for identical injuries caused by Facebook's uniform conduct. Thus typicality is met.

### 4.      Plaintiff Will Fairly and Adequately Protect the Interests of the Class

Rule 23(a)(4) requires that the representative plaintiff will fairly and adequately protect the interests of the class. "This adequate representation inquiry consists of two parts: (1) the

adequacy of the named plaintiffs as representatives of the proposed class's myriad members, with their differing and separate interests, and (2) the adequacy of the proposed class counsel." *Gomez v. St. Vincent Health, Inc.*, 649 F.3d 583, 592 (7th Cir. 2011). Here, Plaintiff's interests are perfectly aligned with the interests of the Class, and by retaining experienced counsel and initiating this action, Plaintiff has already demonstrated the willingness and ability to take an active role in, and control of, this litigation to protect the interests of the class.

### 5. Common Questions of Law and Fact Predominate

"Rule 23(b)(3) permits class certification only if the questions of law or fact common to class members 'pre-dominate' over questions that are individual to members of the class." *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 814-15 (7th Cir. 2012). "There is no mathematical or mechanical test for evaluating predominance." *Id.* (citing 7AA Wright & Miller, Federal Practice & Procedure § 1778 (3d ed. 2011)). The Supreme Court has explained that the Rule 23(b)(3) "inquiry trains on the legal or factual questions that qualify each class member's case as a genuine controversy," with the purpose being to determine whether a proposed class is "sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997). "Predominance is a test readily met in certain cases alleging consumer or securities fraud or violations of the antitrust laws." *Id.* at 625.

Here, nearly every question presented applies uniformly across the class. Indeed, every question turns almost exclusively on Facebook's uniform conduct alone, which conduct affects each Class member in essentially the same way. Accordingly, this matter can "achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." Fed. R. Civ. P. 23(b)(3), advisory committee's note (1966). Thus predominance is met.

### 6. A Class Action Is Superior

Rule 23(b)(3) also requires that a district court determine that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." In determining whether the "superiority" requirement is satisfied, a court may consider the following: (1) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (2) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (3) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (4) the difficulties likely to be encountered in the management of a class action. Fed. R. Civ. P. 23(b)(3).

Here, if brought and prosecuted individually, the claims of each Class member would require proof of the same material and substantive facts. The pursuit of separate actions by individual Class members would also create a risk of inconsistent or varying adjudications, which could establish incompatible standards of conduct for Facebook. And these varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, would also create and allow the existence of inconsistent and incompatible rulings across the Class.

Moreover, the damages suffered by each individual Class member may be relatively small; thus, the expense and burden to litigate each claim individually make it impracticable for the Class members to redress the wrongs done to them. The pursuit of Class members' identical claims in one forum will achieve efficiency and promote judicial economy. There will be no difficulty in the management of this action as a class action. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 809 (1985) (class action device permits pooling of claims where it would be uneconomical to litigate individually).

7

## III. CONCLUSION

Plaintiff respectfully requests that this Court grant his motion for class certification, and any and all other relief deemed necessary.

DATED: June 4, 2015

By: _____

Joel H. Bernstein (*pro hac vice* admission)
*jbernstein@labaton.com*
Corban S. Rhodes (*pro hac vice* admission)
*crhodes@labaton.com*
Ross M. Kamhi (*pro hac vice* admission)
*rkamhi@labaton.com*
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
(212) 907-0700

*Attorneys for Plaintiff Adam Pezen*

Norman Rifkind
*rifkind@laskyrifkind.com*
Amy Newton
*newton@laskyrifkind.com*
LASKY & RIFKIND, LTD.
351 W. Hubbard St., Suite 401
Chicago, IL 60654
(312) 634-0057

*Local Counsel for Plaintiff Adam Pezen*

## CERTIFICATE OF SERVICE

I, Norman Rifkind, an attorney, hereby certify that on June 4, 2015, I served the above and foregoing by causing a true and accurate copy of such paper to be filed and served on all counsel of record via the Court's CM/ECF electronic filing system, and on the following individuals by electronic and U.S. Mail:

James E. Barz
Frank Richter
ROBBINS GELLER RUDMAN &
  DOWD LLP
200 South Wacker Drive, 31st Floor
Chicago, Illinois 60606
jbarz@rgrdlaw.com
frichter@rgrdlaw.com

Vincent Connelly
Michael D. Frisch
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
vconnelly@mayerbrown.com
mfrisch@mayerbrown.com

Jay Edelson
Rafey S. Balabanian
Benjamin H. Richman
J. Dominick Larry
David I. Mindell
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
jedelson@edelson.com
rbalabanian@edelson.com
brichman@edelson.com
nlarry@edelson.com
dmindell@edelson.com

/s/ Norman Rifkind
Norman Rifkind

9